IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DIANE B. HUFFORD, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-11-01207 |
| BANK UNITED, FSB, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Diane B. Hufford ("Plaintiff" or "Hufford"), proceeding *pro se*, has brought this action against Defendants Bank United, FSB, Bierman, Geesing, Ward, Wood, LLC, PA ("BGWW"), Camner, Lipsitz, Potter, PA, Daniel P. Moylan, LLP, PA, Shannon Beamer, LLP, PA, First Fidelity Mortgage Group, Ltd., President Mr. Scott Siciliano, Mr. John M. Fenrich, III, Xpress Title Services, LLC, President and Mr. Maacot/Account No. XT-1198 (collectively "Defendants"). The Complaint presents a convoluted recitation of numerous legal allegations unrelated to specific facts. Generally, Plaintiff appears to allege that this is a civil conspiracy cause of action under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-68 ("RICO"). However, the Complaint additionally quotes and refers to *inter alia* the Constitution of the United States, the Hobbs Act, 18 U.S.C. § 1951, the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and the Investment Company Act of 1940, 15 U.S.C. §§ 80a-1 *et seq.*, without identifying specific causes of action.

Pending before this Court are Defendants BGWW and Bank United, FSB's Motions to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (ECF

Nos. 2 & 5). Also pending is what appears to be Plaintiff's Motion for a Default Judgment (ECF No. 7). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendants BGWW and Bank United's Motions to Dismiss (ECF Nos. 2 & 5) are GRANTED. Plaintiff's Motion for a Default Judgment (ECF No. 7) is DENIED.

## BACKGROUND

In ruling on a motion to dismiss, the factual allegations in the plaintiff's complaint must be accepted as true and those facts must be construed in the light most favorable to the plaintiff. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Moreover, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Goron v. Leeke*, 574 F.2d 11447, 1151 (4th Cir. 1978).

Plaintiff brought this action by way of a thirty-five (35) page Complaint against ten (10) Defendants on May 6, 2011. Pl. Compl., (ECF No. 1). The Complaint, however, represents an amalgam of legal allegations without statements of facts necessary to support justiciable causes of action. While this Court reviewed the pleadings attentively, it is unable to determine the facts giving rise to this action.

Defendant BGWW filed a Motion to Dismiss (ECF No. 2) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on May 26, 2011. Plaintiff then filed what is in essence a Response to Defendant BGWW's Motion to Dismiss on June 9, 2011 (ECF No. 4). Subsequently, on July 12, 2011, Defendant Bank United, FSB filed its Motion to Dismiss (ECF No. 5) pursuant to Rules 12(b)(1) and 12(b)(6) which is in almost all respects, save for the name

of the Defendant, the same document as the one filed by BGWW. Finally, on July 26, 2011, Plaintiff ostensibly sought to file a Motion for a Default Judgment (ECF No. 7).

STANDARD OF REVIEW

I. Motion to Dismiss Pursuant to Rule 12(b)(1)

Defendants first move to dismiss Plaintiff's case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. A motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson,* 367 F. Supp. 2d 792, 799 (D. Md. 2005). A plaintiff carries the burden of establishing subject matter jurisdiction. *Lovern v. Edwards,* 190 F.3d 648, 654 (4th Cir. 1999). Under Rule 12(b)(1), if a party lacks standing the court automatically lacks subject matter jurisdiction. *See Pitt County v. Hotels.com, L.P.,* 553 F.3d 308, 312 (4th Cir. 2009). To meet the standing requirement, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright,* 468 U.S. 737, 750 (1984); *see also Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.,* 204 F.3d 149, 154 (4th Cir. 2000).

II. Motion to Dismiss Pursuant to Rule 12(b)(6)

Defendants next seek to dismiss Plaintiff's action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, "the purpose of

3

Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). This Court "need not accept the legal conclusions drawn from the facts, and [this Court] need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Nemet v. Chevrolet, Ltd. V. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (internal quotation marks and citation omitted).

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Simmons v. United Mort. and Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. Jan. 21, 2011); *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. To survive a Rule 12(b)(6) motion, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Supreme Court has explained that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Ashcroft v. Iqbal*, 556 U.S. \_\_, 129 S. Ct. 1937, 1949 (2009). Thus, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Id.* at 1950.

## ANALYSIS

### I. Standing

Defendants contend that Plaintiff lacks standing to bring this action because Plaintiff fails to allege a specific harm caused to her by the Defendants. In order to have standing a plaintiff must prove three elements: "(1) injury in fact; (2) traceability; and (3) redressability." *Friends of the Earth,* 204 F.3d at 154; *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992). An injury in fact is recognized as "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan,* 504 U.S. at 560 (internal citations and quotations omitted). In other words, "the injury must affect the plaintiff in a personal and individual way." *Id.* at 560 n. 1. Moreover, the injury in fact must be traceable to the Defendants, i.e. it must be attributable to them. *Id.* Finally, redressability, requires that it be "likely as opposed to speculative that the injury will be redressed by a favorable decision." *Id.* at 560 (internal quotations omitted). In this case, Hufford does not allege a particular injury nor does she allege specifically how an injury to her is traceable to the Defendants. Moreover, Plaintiff seemingly seeks several remedies from this Court, including injunctive and declaratory relief, but since the harm and cause are not identifiable, this Court is unable to determine whether or not to grant these remedies. Therefore, Plaintiff did not sufficiently demonstrate that she has standing to bring this suit and Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) is GRANTED. In light of Plaintiff's lack of standing this motion is also GRANTED as to all Defendants in this case.

### II. Rule 12(b)(6)

Alternatively, even if Hufford had standing, Defendants argue that Plaintiff's Complaint does not allege any facts against the specific Defendants. Moreover, Defendants argue that

although Plaintiff alleges violations of a large number of laws, these allegations are too broad, vague and conclusory. As stated above, under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Additionally, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. In this case, the Plaintiff's Complaint mainly states that laws have been violated and merely names them. However, Plaintiff fails to allege how they were violated and by whom. Thus, this Court is unable to draw any reasonable inference that the Defendants are liable. Plaintiff's Complaint therefore fails to state a case upon which relief can be granted. Accordingly, even if Plaintiff had standing, Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) is GRANTED as to all Defendants in this case.

### III. Dismissal Without Prejudice

Defendants also argue that in light of Plaintiff's failure to make factual allegations or to specify the causes of actions directed against them, Plaintiff should not be granted "leave to re-plead." Defs.' Mems. in Supp. of Mots. to Dismiss, at 6 (ECF Nos. 2-1 & 5-1). Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires," and the general rule is that Rule 15(a) be liberally construed. *See Forman v. Davis,* 371 U.S. 178 (1962). Accordingly, leave should be denied only when amending the complaint would prejudice the opposing party, reward bad faith on the part of the moving party, or would amount to futility. *See Steinhurg v. Chesterfield Cnty. Wanning Comm'n,* 527 F.3d 377, 390 (4th Cir. 2008). Here, the Defendants have not shown that granting Plaintiff leave to replead would prejudice them, reward bad faith or amount to futility. However, as stated above, a *pro se*

litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Goron v. Leeke*, 574 F.2d 11447, 1151 (4th Cir. 1978). In the present case, Plaintiff has failed to make factual allegations against the Defendants that would allow this Court to award relief. Moreover, Plaintiff did not adequately articulate causes of action against the Defendants. Nevertheless, because Plaintiff is a *pro se* Plaintiff and not necessarily well versed in legal procedures and pleading requirements, Plaintiff's Complaint is DISMISSED as to all Defendants WITHOUT PREJUDICE.

## CONCLUSION

For the reasons stated above, Defendant Bierman, Geesing, Ward, Wood, LLC, PA's Motion to Dismiss (ECF No. 2) is GRANTED. Defendant Bank United, FSB's Motion to Dismiss (ECF No. 5) is GRANTED. Plaintiff's Motion for a Default Judgment (ECF No. 7) is DENIED and Plaintiff's Complaint is DISMISSED as to all Defendants WITHOUT PREJUDICE.

A separate Order follows.

Dated: October 18, 2011        /s/_____
                               Richard D. Bennett
                               United States District Judge